1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   BENJAMIN PAVONE,              )   Civil No. 08cv1781 WQH(RBB)
                                   )
12             Plaintiff,          )   CASE MANAGEMENT CONFERENCE
                                   )   ORDER REGULATING DISCOVERY AND
13   v.                            )   OTHER PRETRIAL PROCEEDINGS
                                   )
14   AT&T, INC.; EXPERIAN, INC.;   )   (Rule 16, Fed.R.Civ.P.)
     EQUIFAX, INC.; TRANSUNION,    )   (Local Rule 16.1)
15   INC.; COLLECTION BUREAU OF    )
     AMERICA; COLLECTION COMPANY OF)
16   AMERICA; BAY AREA CREDIT      )
     SERVICE, LLC; SCRIPPS HEALTH, )
17   INC.; CALIFORNIA BUSINESS     )
     BUREAU, INC.; HOMECOMINGS     )
18   FINANCIAL, INC.; ZAIO, INC.   )
     EAST; DOES 1-100,             )
19                                 )
              Defendants.          )
20   _____)

21   Pursuant to rule 16 of the Federal Rules of Civil Procedure, a

22   case management conference was held on October 27, 2008.  After

23   consulting with the attorneys of record for the parties and being

24   advised of the status the case, and good cause appearing,

25        IT IS HEREBY ORDERED:

26        1.   All discovery shall be completed by all parties on or

27   before August 10, 2009.  All motions for discovery shall be filed

28   no later than thirty (30) days following the date upon which the

                                     1

1  event giving rise to the discovery dispute occurred.  For oral

2  discovery, the event giving rise to the discovery dispute is the

3  completion of the transcript of the affected portion of the

4  deposition.  For written discovery, the event giving rise to the

5  discovery dispute is the service of the response.  All

6  interrogatories and document production requests must be served by

7  June 10, 2009.

8       2.  Plaintiff(s) shall serve on all other parties a list of

9  expert witnesses whom Plaintiff(s) expect(s) to call at trial by

10  June 10, 2009.  Defendant(s) shall serve on Plaintiff(s) a list of

11  expert witnesses Defendant(s) expect(s) to call at trial by July

12  10, 2009.  Each party may supplement its designation in response to

13  the other party's designation no later than July 24, 2009.  The

14  parties must identify any person who may be used to present

15  evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of

16  Evidence.  This requirement is not limited to retained experts.

17  The designation(s) shall comply with rule 26(a)(2) of the Federal

18  Rules of Civil Procedure and be accompanied by a written report

19  prepared and signed by each witness, including in-house or other

20  witnesses providing expert testimony.  The failure to fully comply

21  with these requirements may result in the exclusion of expert

22  testimony.  A written report is not required from a witness giving

23  testimony as a percipient expert.

24       3.  Any motion to join other parties, to amend the pleadings

25  or to file additional pleadings shall be filed and heard on or

26  before May 8, 2009.

27       4.  All other pretrial motions must be filed on or before

28  September 14, 2009.  Please be advised that counsel for the moving

party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. **Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly.** For example, you should contact the judge's law clerk in advance of the motion cutoff to calendar the motion. Failure to timely request a motion date may result in the motion not being heard.

Questions regarding this case should be directed to the judge's law clerk. The Court draws the parties' attention to Local Rule 7.1(e)(4) which requires that the parties allot <u>additional time for service of motion papers by mail</u>. Papers not complying with this rule shall not be accepted for filing.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

5.   Further settlement conferences shall be held at appropriate intervals during the course of the litigation in the chambers of Judge Ruben B. Brooks. A further settlement conference shall be held on <u>April 6, 2009, at 8:30 a.m.</u> A mandatory settlement conference date will be set at one of the scheduled settlement conferences.

All parties, claims adjusters for insured Defendants and non-lawyer representatives with complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present and legally and factually

prepared to discuss and resolve the case at the mandatory
settlement conference and at all settlement conferences.  Retained
outside corporate counsel shall not appear on behalf of a
corporation as the party representative who has the authority to
negotiate and enter into a settlement.  Failure to attend or obtain
proper excuse will be considered grounds for sanctions.

If Plaintiff is incarcerated in a penal institution or other
facility, the Plaintiff's presence is not required at conferences
before Judge Brooks, and the Plaintiff may participate by
telephone.  In that case, defense counsel is to coordinate the
Plaintiff's appearance by telephone.

**Confidential written settlement statements for the mandatory
settlement conference shall be lodged directly in the chambers of
Judge Brooks no later than five court days before the mandatory
settlement conference.**  The statements need not be filed with the
Clerk of the Court or served on opposing counsel.  The statements
will not become part of the court file and will be returned at the
end of the conference upon request.  Written statements may be
lodged with Judge Brooks either by mail or in person.

Any statement submitted should avoid arguing the case.
Instead, the statement should include a neutral factual statement
of the case, identify controlling legal issues, and concisely set
out issues of liability and damages, including any settlement
demands and offers to date and address special and general damages
where applicable.

If appropriate, the Court will consider the use of other
alternative dispute resolution techniques.

4

1    6.    No Memoranda of Law or Contentions of Fact are to be

2  filed if this case is tried to a jury.  If this case is tried to

3  the Court, counsel shall serve on each other and file with the

4  Clerk of the Court their memoranda of contentions of fact and law

5  in compliance with Local Rule 16.1(f)(2) on or before December 23,

6  2009.  In any event, on or before this date, all parties or their

7  counsel shall also fully comply with the pretrial disclosure

8  requirements of rule 26(a)(3) of the Federal Rules of Civil

9  Procedure.

10    7.    Counsel shall confer and take the action required by

11  Local Rule 16.1(f)(4) on or before December 29, 2009.  The parties

12  shall meet and confer and prepare a proposed pretrial order.  A

13  personal meeting between an incarcerated Plaintiff, acting in pro

14  per, and defense counsel is not required.

15    At this meeting, counsel shall discuss and attempt to enter

16  into stipulations and agreements resulting in simplification of the

17  triable issues.  Counsel shall exchange copies and/or display all

18  exhibits other than those to be used for impeachment, lists of

19  witnesses and their addresses including experts who will be called

20  to testify and written contentions of applicable facts and law.

21  The exhibits shall be prepared in accordance with Local Rule

22  16.1(f)(2)(c).  Counsel shall cooperate in the preparation of the

23  proposed final pretrial conference order.

24    8.    The proposed final pretrial conference order, including

25  objections to any party's Fed. R. Civ. P. 26(a)(3) pretrial

26  disclosures, shall be prepared, served and lodged with the Clerk of

27  the Court on or before January 4, 2010, and shall be in the form

28  prescribed in and in compliance with Local Rule 16.1(f)(6).

08cv1781 WQH(RBB)

1    Counsel shall also bring a court copy of the pretrial order to the

2    pretrial conference.

3         9.   The final pretrial conference shall be held before the

4    Honorable William Q. Hayes, United States District Judge, on

5    January 11, 2010, at 11:00 a.m.

6         10.  The dates and times set forth herein will not be modified

7    except for good cause shown.

8         11.  Plaintiff's(s') counsel shall serve a copy of this order

9    on all parties that enter this case hereafter.

10

11   Dated:  October 27, 2008

     RUBEN B. BROOKS
12   United States Magistrate Judge

13

14   cc:   All Parties of Record

## CASE RESOLUTION GUIDELINES

### Attendance

All parties and claims adjusters for insured Defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case.  Failure to attend or obtain proper excuse will be considered grounds for sanctions.

### Case Resolution Conference Briefs

Written statements, when specifically requested, shall be lodged in the chambers of Judge Brooks no later than five court days before the scheduled conference.  The statements will not become part of the court file.  Written statements may be submitted on a confidential basis and lodged with Judge Brooks either by mail or in person.

Any statement submitted should avoid arguing the case. Instead the statement should include a neutral factual statement of the case and concisely set out issues of liability and damages, including any settlement demands and offers to date, and address special and general damages where applicable.

If appropriate, the court will consider the use of other alternative dispute resolution techniques.

If you have any further questions, please feel free to contact my research attorney, at (619) 557-3404.