# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN PAVONE, | CASE NO. 08cv1781 WQH (RBB) |
| Plaintiff, | **ORDER** |
| vs. | |
| AT&T, INC.; et al., | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Remand filed by Benjamin Pavone (Doc. # 9).

## **Background**

On August 26, 2008, Plaintiff Benjamin Pavone initiated this action by filing a Complaint in the Superior Court of California, County of San Diego (Doc. # 1, Exhibit A). The Complaint alleges claims against the following Defendants: AT&T, Inc. ("AT&T"), Experian, Inc. ("Experian"), Equifax, Inc. ("Equifax"), Transunion, Inc. ("Transunion"), Collection Bureau of America, Collection Company of America, Bay Area Credit Services, LLC ("Bary Area Credit"), Scripps Health, Inc. ("Scripps"), California Business Bureau, Inc., Homecomings Financial, Inc. ("Homecomings"), and Zaio, Inc. East ("Zaio").

The Complaint alleges that on February 28, 2007, Plaintiff obtained a residential phone line for his guest room and bedroom at his residence, and that the monthly charge for this line was a fee of $7.99. *Complaint,* ¶ 18. The Complaint alleges that in May 2007, Plaintiff

changed the number and added several features to the line, increasing the monthly charge to approximately $25.96. *Id., ¶* 19. The Complaint alleges that Plaintiff paid these monthly charges without controversy. *Id., ¶¶* 18, 19. The Complaint alleges that a guest staying at Plaintiff's residence made a long distance call for which AT&T charged $402.41. *Id., ¶* 20. The Complaint alleges that "AT&T grossly overcharged plaintiff for long distance service, without plaintiff's knowledge, consent or acquiescence to these charges and then ground plaintiff through the collection process to extort payment for same or face adverse credit consequences." *Id.* The Complaint alleges that "Plaintiff promptly switched phone companies, meanwhile AT&T continued to charge plaintiff for a phone line that was not connected, ultimately ratcheting up AT&T's claim to $558." *Id., ¶* 22. The Complaint alleges that AT&T's claim was referred to collection agencies Bay Area Credit and Collection Company of America. *Id., ¶¶* 23, 25. The Complaint alleges that Experian reported the AT&T credit mark against Plaintiff on Plaintiff's Experian credit report, but that "[i]t appears Experian later removed this mark." *Id., ¶* 27. The Complaint alleges that a credit report from Equifax reported the AT&T credit mark against Plaintiff's Equifax credit. *Id., ¶* 29. The Complaint alleges that "Defendant credit unions did not maintain reasonable procedures to assure that the debt reported by AT&T and its associated collections agencies was accurate;" and that they "did not undertake a reasonable investigation to determine whether these marks were accurate and did not remove the marks, even though plaintiff informed them the AT&T charge was outrageous and had been the subject of a refund by AT&T." *Id., ¶¶* 49, 51.

The Complaint alleges that on or about April 19, 2004, Scripps "invented" a $250.00 medical charge against Plaintiff, "but later Scripps inexplicably assigned the charge to collections, defendant California Business Bureau, in the amount of $125." *Id., ¶* 32. The Complaint alleges that Plaintiff never agreed to or received medical services from Scripps; that the California Business Bureau has refused to remove the mark; and that Bar Area Credit, Collection Company of America and Collection Bureau of America continue to report the mark, "based on unreasonable investigation and collaboration practices." *Id., ¶* 35.

The Complaint alleges that Homecomings provided Plaintiff a home equity line of credit against Plaintiff's primary residence in the amount of $150,000.00, and that Plaintiff "has made all payments faithfully." *Id., ¶* 36. The Complaint alleges that on April 9, 2008, Homecomings notified Plaintiff that it was freezing his line of credit at the existing debt of approximately $95,000.00 in light of declining home values, and that targets of the credit line freeze could request a "reinstatement" of their credit line. *Id., ¶¶* 37, 38. The Complaint alleges that the "applicant for reinstatement was required to purchase an appraisal," and that Plaintiff "authorized a $525 charge to have his home appraised by defendant Zaio, Inc." *Id., ¶¶* 37, 41. The Complaint alleges that despite Plaintiff being qualified for reinstatement, Homecomings denied reinstatement of Plaintiff's loan "stating that plaintiff did not meet the equity requirements and did not provide complete income documentation." *Id., ¶* 44. The Complaint alleges that "the whole 'reinstatement' process is a scam by Homecomings and Zaio," and that as a result, "plaintiff wasted the $525 appraisal fee." *Id., ¶¶* 46-47.

The Complaint alleges the following causes of action: (1) violation of the Fair Credit Reporting Act, 15 U.S.C. section 1681, (2) violation of the Fair Credit Reporting Act, Cal. Civ. Code section 1785.14, (3) fraud as to AT&T and Homecomings, (4) declaratory relief, (5) injunctive relief, (6) unfair business practices, in violation of section 1720 of the California Business and Professions Code, (7) violation of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692, (8) civil extortion, and (9) breach of contract.

On September 29, 2008, Experian removed the case to this Court. The Notice of Removal states that "Defendants Experian, Equifax, Trans Union, [Collection Bureau of America, Bay Area Credit] and Zaio, whom remain in the action and whom, each, respectively, may or may not have been properly served in the State Court Action but have received the complaint, consent to and join in this Notice of Removal." *Not. of Removal,* p. 3. The Notice of Removal further states that "Defendants Homecomings, California Business Bureau, Inc., and Scripps Clinic . . . have reached a settlement with Plaintiff and have been or expect to be dismissed from this action shortly, and thus do not join in this removal." *Id.* at 3. The Notice of Removal states that AT&T's joinder is not required because "AT&T asserts lack of service/

improper service and has filed a motion to quash in the state court action, and thus, does not join in this removal," and "the claims against AT&T, a telecommunications company whom Plaintiff alleges improperly and illegally billed him for long distance phone calls, are separate, independent, and severable from the claims against the removing defendant, Experian." *Id.* at 5. The Notice of Removal states that Collection Company of America does not join in the removal because, despite "diligent and numerous attempts to do so, none of the Defendants, including Experian, have been successful in contacting legal counsel for Defendant Collection Company of America," and "Experian is informed and believes that Collection Company of America has also yet to make an appearance." *Id.* at 5. The Notice of Removal states that "[t]he fact that the identity of Defendant Collection Company of America's counsel is indeterminable, and the fact that Collection Company of America does not join in this removal, does not make removal improper or impermissible." *Id.* The Notice of Removal asserts jurisdiction pursuant to 28 U.S.C. section 1441(a), (b), and (c), and states:

> joinder of AT&T (who asserts it has not been served and/or alleges improper service), Homecomings, California Business Bureau, Inc., and Scripps Clinic (whom have settled with Plaintiff and whom have been dismissed from this action or will be dismissed from this action immediately), and Collection Company of America (whose legal counsel's identity handling this matter has yet to be and cannot be ascertained) is unnecessary for removal purposes under 1441(c) and relevant jurisprudence.

*Id.* at 6.

On October 6, 2008, Plaintiff filed the Motion to Remand. On October 27, 2008, Experian filed a Response in Opposition to the Motion to Remand (Doc. # 36). On October 31, Plaintiff filed a Reply to the Response in Opposition to the Motion to Remand (Doc. # 41).

## **Analysis**

Plaintiff contends that at least three defendants have not joined in removal: Collection Company of America, Homecomings, and AT&T. Plaintiff contends that Experian's "explanation for not contacting [Collection Company of America] is unsatisfactory" because Plaintiff was able to contact Collection Company of America, and "is on the precipice of a signed settlement agreement with its San Diego counsel." *Mot. to Remand,* p. 3. Plaintiff contends that "[a]s of this writing, AT&T has been served, despite its (now moot) motion to

1 quash. . . . Thus, as to the notion that AT&T is conceptually 'unaware' of the suit by virtue
2 of a lack of service for purposes of obtaining consent to removal, the sentiment should be
3 rejected on these facts." *Id.* Plaintiff contends that to separate his claims against AT&T from
4 those against Experian "would be to truncate a portion of the systemic wrong plaintiff has
5 challenged, namely, that AT&T's wrong is an interrelated combination of torts." *Id.* at 4.
6 Plaintiff contends that Homecomings "has not settled as of October 6, 2008, the 31st day after
7 Experian's latest date of receipt, and Homecomings has not perfected a settlement as of this
8 writing. . . . Experian cites no authority for the proposition that proximity to a potential
9 resolution amounts of satisfaction of jurisdiction." *Id.*

10 Experian contends that the Notice of Removal was sufficient to invoke removal
11 jurisdiction because "for those defendants whom did not join in the removal, Experian
12 sufficiently explained the reasons for each's absence, and based on those explanations, none
13 of those defendants were required to join in the removal." *Opposition,* p. 4. Experian contends
14 that "Homecomings informed Experian that it had reached a settlement with Plaintiff and had
15 been or expected to be dismissed from this action," and that "shortly after the filing of the
16 Notice of Removal, Homecomings was formally dismissed from the case." *Id.* Experian
17 contends that "AT&T asserted that it had yet to be served in this action and stated it would not
18 be joining in the removal," and that based on this assertion, "its joinder was not required." *Id.*
19 Experian contends that "[a]s it is clear that either AT&T has not been served or, at minimum,
20 refutes service of process, its consent to removal is not required." *Id.* With respect to
21 Collection Company of America, Experian contends that "[d]espite Plaintiff's claims to the
22 contrary, Experian diligently, but unsuccessfully, attempted to contact [Collection Company
23 of America's] legal counsel prior to filing its Notice of Removal." *Id.* Experian further
24 contends that Collection Company of America has informed Experian that it has been served
25 in this action, and on October 22, 2008, consented to and joined in the removal. Experian
26 finally contends that neither AT&T nor Collection Company of America's joinder is required
27 because Plaintiff's claims against Experian are separate and independent, and may be severed.
28

1   On a motion to remand, "[t]he burden of establishing federal jurisdiction is on the party
2 seeking removal, and the removal statute is strictly construed against removal jurisdiction."
3 *Prize v. Matrix, Inc.,* 167 F.3d 1261, 1265 (9th Cir. 1999).  There is a "strong presumption"
4 against removal jurisdiction such that "[f]ederal jurisdiction must be rejected if there is any
5 doubt as to the right of removal in the first instance." *Gaus v. Miles,* 980 F.2d 564, 566-67 (9th
6 Cir. 1992).

7   28 U.S.C. section 1446 requires that all proper defendants join or consent to the removal
8 notice. *Parrino v. FHP, Inc.,* 146 F.3d 699, 703 (9th Cir. 1998); *see* 28 U.S.C. § 1446.
9 "Where fewer than all the defendants have joined in a removal action, the removing party has
10 the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in
11 the notice of removal." *Prize,* 167 F.3d at 1266.  The Ninth Circuit has expressly declined to
12 find that "objecting to sufficiency of process may be equated to a lack of service" for purposes
13 of determining whether the removing party has satisfied its burden of explaining the absence
14 of a co-defendant in the notice of removal. *Id.; Fisher v. Alfa Chemicals Italiana,* 258 Fed.
15 Appx. 150, (9th Cir. 2007) ("Where service on non-joining defendants was attempted but
16 potentially defective, removal petition's failure to 'affirmatively explain' lack of unanimous
17 joinder constituted a procedural defect compelling remand" (citing *Prize,* 167 F.3d at 1266)).

18   "[I]f one defendant's removal petition is premised on removable claims separate and
19 independent from the claims brought against other defendants, consent of the other defendants
20 is not required." *Henry v. Independent American Sav. Ass'n.,* 857 F.2d 995, 999 (5th Cir.
21 1988) (internal quotations omitted).  A claim is not "separate and independent" where the
22 plaintiff's complaint is based on an interlocked series of transactions and results in only one
23 wrong to plaintiff. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988).

24   The Notice of Removal admits on its face that Homecomings, AT&T, and Collections
25 Company of America do not join in the removal of this action.  With respect to AT&T, the
26 Notice of Removal states: "Defendant AT&T asserts lack of service/ improper service and has
27 filed a motion to quash in the state court action, and thus, does not join this removal." *Not. of*
28 *Removal,* p. 4.  In support of the Notice of Removal, Experian submitted the affidavit of

Edward Chang, who attests that "[o]n September 24, 2008, I was informed that AT&T, Inc. . . . filed a motion to quash service asserting improper service, asserts it has yet to be served, and thus, does not join in the removal." *Chang Decl.,* ¶ 11.  It is not clear whether the Notice of Removal's basis for asserting that AT&T's joinder is not required is that AT&T was never served, or that service was attempted on AT&T, but potentially defective.  In light of Experian's burden to explain affirmatively the absence of any co-defendants in the notice of removal, the Court construes the Notice of Removal in favor of Plaintiff.  The Court concludes that Experian has failed to satisfy its burden because the assertion in the Notice of Removal that service was attempted on AT&T, but is potentially defective, does not affirmatively explain AT&T's lack of consent to removal.  *See Prize,* 167 F.3d at 1266.  Plaintiff's claims arise out of allegedly unconscionable charges by Defendants such as AT&T, and the collaboration of these Defendants with Defendant credit unions such as Experian to compel payment and harm Plaintiff's credit.  The Court concludes that Plaintiff's claims against all Defendants are sufficiently intertwined such that there is no separate and independent claim against Experian.  The Court concludes that  Experian has failed to satisfy its burden of establishing removal jurisdiction, particularly in light of the strong presumption against removal jurisdiction.  The Motion to Remand is granted.

## Conclusion

IT IS HEREBY ORDERED that the Motion to Remand (Doc. # 9) is **GRANTED.** The above-captioned action is **REMANDED** to state court.

DATED:  January 15, 2009

**WILLIAM Q. HAYES**
United States District Judge